**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No: 23-03031-01-CR-S-MDH |
| **PHILLIP J. D. ALTON**, | |
| Defendant. | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through R. Matthew Price, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on November 13, 2025. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a), the United States (also referred to herein as "the Government") respectfully recommends that this Court sentence the defendant, Phillip J. D. Alton, to a term of imprisonment of 18 months for his conviction for engaging in the business of dealing in firearms without a license under the sole count of the Indictment, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). The United States requests that the Court further order the defendant to serve a three-year term of supervised release under the count of conviction and pay a fine of $14,000 per the terms of the plea agreement.

### I. BACKGROUND

On April 11, 2023, a grand jury seated in Springfield, Missouri, returned an indictment against the defendant, Phillip J. D. Alton, charging him with engaging in the business of dealing in firearms without a license. (D.E. 1.)[1] On February 25, 2025, the defendant pleaded guilty to

---
[1] "D.E." refers to the docket entry of the instant district court criminal case, case number 23-03031-01-CR-S-MDH, and any associated documents.

the charge pursuant to a plea agreement. (D.E. 32-33.) The United States Probation Office submitted its draft presentence investigation report on June 30, 2025. Neither party submitted any objections to the draft report that affect the applicable Guidelines range. (PSR Adden.)[2] The Probation Officer filed the final presentence investigation report ("PSR") on August 1, 2025. (D.E. 36.) The sentencing hearing is scheduled for November 13, 2025. (D.E. 41.)

## II. FORMULATION OF THE DEFENDANT'S SENTENCE

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines should be applied in an advisory fashion to meet constitutional demands. *Id.* at 258. While this Court is not bound to impose a sentence based solely on the Guidelines, the Court "nevertheless must consult the Guidelines to calculate a defendant's sentence because the Guidelines are the critical starting point for fashioning a reasonable sentence [under the statutory sentencing factors]." *United States v. Gregg*, 467 F.3d 1126, 1128 (8th Cir. 2006) (internal quotation omitted). Pursuant to the Sentencing Guidelines, the Court "shall determine the kinds of sentencing and the guideline range as set forth in the guidelines by applying the provisions of this manual . . . ." U.S.S.G. §1B1.1(a). After considering the Sentencing Guidelines, the Court "shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole." U.S.S.G. §1B1.1(c); *see also* 18 U.S.C. § 3553(a).

After making that determination, the district court, utilizing the § 3553(a) sentencing factors, can impose a more severe or more lenient sentence, as long as it is reasonable. *See Booker*, 543 U.S. at 263-65. The § 3553(a) factors relevant to this matter are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

---

[2]"PSR Adden." refers to the presentence investigation report addendum, filed on August 1, 2025.

punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines]; [and] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a).

Upon correctly calculating the Guidelines range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of a sentencing set forth in 18 U.S.C. § 3553(a). *Id.* As explained below, a sentence of 18 months' imprisonment followed by a three-year term of supervised release satisfies the criteria set forth in § 3553(a) and is a reasonable and just sentence given the facts and circumstances of the case now before this Court.

### III. DEFENDANT'S SUBSTANTIAL ASSISTANCE

The defendant provided substantial assistance to the Government during its investigation. The intent of the Government in its sentencing recommendation is to afford the defendant credit, consistent with U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e), to the extent they are applicable to the defendant's guidelines and statutory imprisonment range. The defendant's substantial assistance consisted of a proffer with the Government during which he provided important information implicating another individual in another district, and making himself available to testify in any proceeding related to the prosecution of that individual. This provided the Government with substantial assistance in an investigation and prosecution in another district. The Government does not anticipate filing additional motions in this case. Consequently, the Government requests the Court to provide the defendant with credit under, and consistent with, the provisions of U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) by an amount that fully reflects the defendant's past assistance.

3

## IV. DISCUSSION

### A. Statutory and Guidelines Calculations

As a result of the defendant's plea, his statutory maximum sentence for the class D felony of engaging in the business of dealing in firearms without a license is not more than five years' imprisonment. (PSR ¶ 55.) The PSR assessed the defendant a criminal history score of zero, and found that the defendant's criminal history category was "I" and the total offense level was 19. (PSR ¶¶ 24, 29.) The PSR stated that the Court may impose a term of supervised release of not more than three years for the defendant's conviction. (PSR ¶ 58.) Based on the defendant's criminal history category of "I" and a total offense level of 19, the guideline imprisonment range is 30 to 37 months within Zone D of the Sentencing Table, with the defendant ineligible for probation, and a Guidelines supervised release term of one year to three years. (PSR ¶¶ 56, 59, 61.) Both parties agree with this assessment.

### B. Statutory Sentencing Factors

#### 1. *Nature and Circumstances of the Offense and History of the Defendant*

The Government's recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). "In fashioning a 'sentence sufficient, but not greater than necessary,' 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.'" *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009) (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007)).

The offense conduct detailed in paragraphs 4 through 10 of the PSR and paragraph 3 of the plea agreement discussed the nature and facts of this case. (PSR ¶¶ 4-10; D.E. 33 at ¶ 3.) Over the course of eight months, the defendant, who was not licensed as a Federal Firearms Licensee

4

through the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), sold approximately 936 firearms receivers for profit at gun shows in Missouri and Arkansas, and through other methods. The defendant did so despite the fact that, when he purchased these receivers, he acknowledged in completing an ATF Form 4473 that, "I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a federal firearms license is a violation of Federal law."

The defendant is 53 years of age and, aside from a 2013 traffic ticket conviction, has no criminal history. (PSR 2, ¶¶ 27-28.) He reported that his basic needs were met during his childhood and that he had a loving mother and a father who was "a great provider for the family." (PSR ¶ 35.) The defendant has been married one time and has two children from that marriage; he maintains regular contact with both children, who are now adults. (PSR ¶ 36.)

The PSR indicated that he has a history of type II diabetes and high cholesterol but is otherwise physically healthy. (PSR ¶ 38.) The defendant reported a history of depression but states he has found ways to cope without medication and does not currently suffer from any emotional or mental health issues. (PSR ¶ 39.) He reported no substance abuse issues. (PSR ¶ 40.)

The defendant reported that he graduated high school through correspondence courses in 1990; however, the United States Probation Office was not able to verify this with the school. (PSR ¶ 41.) The defendant also reported that he received various trade certifications, all of which have expired. (PSR ¶ 42.) He currently maintains employment as a construction inspector for a civil engineering firm and has worked as a laborer, landscaper, an engineering inspector, and building inspector in the past. (PSR ¶¶ 43-52.)

In making its recommendation, the Government has taken into consideration the nature and circumstances of the instant offense, the defendant's characteristics and history, including his lack of criminal history, and his substantial assistance to this investigation. The Government believes that its recommendation for an 18-month sentence in the Bureau of Prisons reflects the appropriate outcome given the facts and factors represented above.

2. *__Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense__*

The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Such considerations reflect the need for retribution, the need to make the punishment fit the crime, and the need not just to punish, but to punish justly.

In this case, the seriousness of the defendant's crime is reflected in the actions described above, as well as in statute and the Sentencing Guidelines. The defendant's conviction for engaging in the business of dealing in firearms without a license subjects him to a maximum five-year prison sentence. 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D).

While the Sentencing Guidelines consider the actions of the defendant when determining a sentencing range, his conduct in this case reveals that he disregarded a clear legal warning on several ATF forms he completed when he sold over 900 firearms receivers for profit at gun shows without registering as a federal firearms licensee with ATF. His actions in doing so demonstrated a lack of respect for the law.

Based on the defendant's actions, the Government's recommendation reflects the seriousness of the offense, promotes respect for the law, and provides punishment that is sufficient, but not greater than necessary.

3. *Need to Afford Adequate Deterrence to Criminal Conduct and Need to Protect the Public from Further Crimes of the Defendant*

An 18-month term of imprisonment would also "afford adequate deterrence to criminal conduct" and would "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). The Government believes that the prosecution of this case, his conviction, and a prison sentence will deter this defendant from committing crimes in the future. Additionally, a prison sentence may also serve as a general deterrent to other individuals who may consider similar conduct and may be aware of the eventual sentence given to this defendant.

Given the needs to afford adequate deterrence against future criminal conduct and protect the public, the Government respectfully requests a sentence of 18 months' imprisonment for his conviction.

4. *Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct*

A sentence of 18 months' imprisonment would also "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). From the outset, a correct calculation of the Guidelines range protects against *unwarranted* disparities among *similarly situated* defendants. *See Gall v. United States*, 552 U.S. 38, 55 (2007) ("avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges"). Given the instant conduct, the defendant's lack of criminal history, and his substantial assistance to the investigation, the Government's recommendation for a sentence below the Guidelines range reflects an outcome that is consistent with those with similar criminal history and conduct.

## V. CONCLUSION

Ultimately, 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory Guidelines range. The Government respectfully requests that the defendant's actions and history, the need to promote respect for the law, the need to deter future criminal conduct, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

Accordingly, the Government respectfully requests that this Court impose a sentence of 18 months' imprisonment for his conviction under the sole count of the Indictment, that such term of imprisonment be followed by a three-year term of supervised release, and that the Court order the defendant to pay a fine in the amount of $14,000 per the terms of the plea agreement.

Respectfully submitted,

R. MATTHEW PRICE
United States Attorney

*/s/ Casey Clark*
Casey Clark
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417) 831-4406

**CERTIFICATE OF SERVICE**

   I hereby certify that on this the 6th day of November 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                */s/ Casey Clark*
                Casey Clark
                Assistant United States Attorney